UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEED HILSON, SR., | No. C-12-6016 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF SERVICE AND PARTIAL DISMISSAL** |
| DIRECTOR OF CORRECTIONS; *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Rasheed Hilson, Sr., an inmate at Salinas Valley State Prison in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

The complaint in this action concerns two very different problems.

The first portion of the complaint concerns the execution of Mr. Hilson's sentence. He contends that there is an error in the computation of his sentence and that California Department of Corrections & Rehabilitation ("CDCR") officials have wrongfully failed to refer his case to the superior court to fix the problem. CDCR officials allegedly have violated his constitutional rights by not recognizing Case No. SA064844 as the controlling case and Case No. RIF134571 as the non-controlling case for sentence and time credit calculation purposes. The determination of the controlling case affects the time credits to which he receives. *See* Docket # 1, p. 5. He further contends that CDCR officials have an obligation to return him to the Riverside County Superior

1  Court for a sentencing adjustment. (Mr. Hilson does not allege it, but his claim appears to be based
2  on the state law procedure for correcting sentencing errors. Under California law, if a mistake is
3  discovered or it appears that the abstract of judgment has a sentence not allowed under the Penal
4  Code or that contradicts the sentencing transcript, the CDCR cannot change the abstract of judgment
5  but can suggest to the court that a correction be made. *See In re Sandel*, 64 Cal. 2d 412, 415-16
6  (Cal. 1966)).

7        The second half of the complaint pertains to Mr. Hilson's need for reconstructive surgery and
8  related care. As a result of an earlier assault while in a county jail, Mr. Hilson suffered two broken
9  bones in his mandible area and had surgery that involved open and closed reductions of the fractures
10 to promote his jaw healing. *See* Docket # 1, p. 1 (describing earlier lawsuit about the assault,
11 surgical care, and post-operative care).

12       Mr. Hilson alleges that when he first was placed in the CDCR in October 2008, he had Erich
13 arch bars within his mouth.[1] He complained of "an abundance of pain due to the arch bars rubbing
14 against his gums and teeth." Docket # 1, p. 21. Dr. Lopez did not do an actual evaluation, and
15 instead "took the word of [a] nurse." Had Dr. Lopez "done an evaluation he/she would have been
16 able to order emergency care" and Mr. Hilson would have avoided almost two months of pain. *Id.*

17       Mr. Hilson went to North Kern State Prison, where Dr. Godges determined he needed to be
18 taken to an outside hospital to have the arch bars removed and to determine if he needed
19 reconstructive surgery. Upon Mr. Hilson's return from the outside hospital, it was determined that
20 he needed reconstructive surgery due to a severe cross-bar but Dr. Godges never sent him back to
21 the outside hospital for the recommended surgery. While at North Kern State Prison, Dr. Leong and
22 Dr. Stark denied the surgery. *See id.* at 21-22. Dr. McQuirter also did nothing to stop the pain and
23 jaw restriction Mr. Hilson suffered while at North Kern State Prison. Dr. Fannous failed to provide
24 the emergent care Mr. Hilson needed, even though it was his job "to insure that the inmate receives
25 the care needed." *Id.* 23.

26
27 ─────────────────

28     [1] Erich arch bars are a form of arch bars or wiring used to treat mandibular fractures. *See* www.medilexicon.com/medicaldictionary.php, last visited on March 7, 2013.

1  Mr. Hilson was transferred from North Kern State Prison to Salinas Valley State Prison. Dr.
2  Scanlon "evaluated plaintiff at the very falcrum of plaintiff's transfer." *Id.* at 23.[2] Dr. Scanlon "did
3  nothing to provide urgent care within the allotted time" of 120 days from the date of his arrival at the
4  prison. Dr. Scanlon did, however, send Mr. Hilson to Dr. Wittenberg, Salinas Valley's oral surgeon,
5  who made the same recommendation for surgery that the outside surgeon made when Mr. Hilson
6  was at North Kern. *Id.* at 24. When asked why Dr. Wittenberg couldn't do the surgery himself, he
7  "claimed that plaintiff's injuries were very complexed (sic) and needed dual or a joint effort in fixing
8  plaintiff's deformed jaw." *Id.* Dr. Charles Edwards, who is under contract with CDCR for dental
9  services, stated during his evaluation of Mr. Hilson "that it would be morbid to do the reconstructive
10 surgery." *Id.* He wanted to put dentures in Mr. Hilson's mouth instead. When dentures were tried,
11 they did not work due to problems with Mr. Hilson's mouth. Choosing dentures instead of fixing the
12 real problem, according to Mr. Hilson, was done only to save money for CDCR.
13 Dr. Knorton, the supervising dentist at Salinas Valley, was responsible for the proper training
14 of dental staff and for insuring that inmates receive the appropriate care. *Id.* at 25. Mr. Hilson was
15 at Salinas Valley for eight months without any emergent care within the allotted time for his priority
16 level 2 problem.
17 Dr. Carl Johnson was the dentist assigned to B-yard at Salinas Valley. He held numerous
18 consultations with Mr. Hilson, but never did an evaluation to determine whether Mr. Hilson needed
19 emergent care or any care at all. Most times, he sent Mr. Hilson to the correctional treatment center
20 to see Dr. Wittenberg, who gave no form of care and just consulted. On many of his visits, Mr.
21 Hilson was in "an abundance of pain," and Dr. Johnson would simply refill or increase the pain
22 medications rather than ensuring that Mr. Hilson received the appropriate care. *Id.* at 25.

### III. DISCUSSION

24 A federal court must engage in a preliminary screening of any case in which a prisoner seeks
25 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

---

[2] Plaintiff uses the word "falcrum" at several points in his complaint. The court is unfamiliar with the word and unable to find it in a dictionary. In future filings, Plaintiff should use another word that has the same meaning as he attributes to "falcrum."

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>Sentence Correction Claims</u>

Mr. Hilson first claims that CDCR officials violated his right to due process by wrongfully refusing to refer his case to the state superior court for sentence correction. This is a challenge to the execution of his sentence.

A petition for writ of habeas corpus is the exclusive method by which a prisoner may challenge the execution of his sentence in this court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Habeas "must be the exclusive federal remedy not just when a state prisoner requests the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long." *Young v. Kenny*, 907 F.2d 874, 876 (9th Cir. 1990) (claim that prison officials unconstitutionally failed to apply jail-time credits to prison sentence had to be pursued in habeas), *overruled on other grounds by Heck v. Humphrey*, 512 U.S. 477 (1994).

The sentence correction claims are dismissed without prejudice to Mr. Hilson filing a petition for writ of habeas corpus in which he asserts them. Mr. Hilson is cautioned that, before he may file a federal petition for writ of habeas corpus, he must exhaust state court remedies for his claims by presenting those claims to the state's highest court to give that court a fair opportunity to rule on the merits of his claims. He also is cautioned that federal habeas relief is only available to remedy violations of the Constitution, laws or treaties of the United States, *see* 28 U.S.C. § 2254(a), and not for state law errors.

B.   Medical/Dental Claims

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *See McGuckin*, 974 F.2d at 1059. Serious medical needs may include dental care needs. *See Hunt v. Dental Dep't.*, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *See Farmer*, 511 U.S. at 837.

Mr. Hilson alleges that several doctors and dentists at North Kern State Prison and Salinas Valley State Prison have failed to provide necessary reconstructive surgery and emergent care for his maxillofacial problems. Liberally construed, the complaint states cognizable § 1983 claims against Dr. F. Lopez, Dr. S. M. Godges, Dr. A. Leong, Dr. Stark, Dr. J. McQuirter, and Dr. Fannous for violations of Mr. Hilson's Eighth Amendment rights while he was incarcerated at North Kern State Prison. Liberally construed, the complaint states cognizable § 1983 claims against Dr. D. Scanlon, Dr. Joerg Wittenberg, Dr. Charles Edwards, Dr. Knorton, and Dr. Carl J. Johnson for violations of Mr. Hilson's Eighth Amendment rights while he was incarcerated at Salinas Valley State Prison.

## IV.   CONCLUSION

1.   The complaint states cognizable § 1983 claims against the following defendants for violating Plaintiff's Eighth Amendment rights: Dr. F. Lopez, Dr. S.M. Godges, Dr. A. Leong, Dr. Stark, Dr. J. McQuirter, Dr. V. Fannous, Dr. D. Scanlon, Dr. Joerg Wittenberg, Dr. Charles Edwards, Dr. Knorton, and Dr. Carl J. Johnson. All other defendants and claims are dismissed.

5

1     2.     The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following Defendants.  The first four Defendants apparently are employed at North Kern State Prison on the medical/dental staff, and the last five Defendants apparently are employed at Salinas Valley State Prison on the medical/dental staff:

- D. F. Lopez
- Dr. S. M. Godges
- Dr. A. Leong
- Dr. Stark
- Dr. J. McQuirter
- Dr. V. Fannous
- Dr. D. Scanlon
- Dr. Joerg Wittenberg
- Dr. Charles Edwards
- Dr. Knorton
- Dr. Carl J. Johnson

    3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.     No later than **June 21, 201**3, Defendants must file and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.  If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).  If Defendants file a motion to dismiss for non-exhaustion of administrative remedies, Defendants must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion.  *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **July 19, 2013**.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.  Plaintiff also must bear in mind the

notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 2, 2013**.

  4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: March 14, 2013

_____
EDWARD M. CHEN
United States District Judge