UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEED HILSON,<br>    Plaintiff,<br><br>    v.<br><br>F. LOPEZ, et al.,<br>    Defendants. | Case No. 12-cv-06016-JD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Defendants' have filed a motion to dismiss citing res judicata, collateral estoppel, and respondeat superior.[1] The motion is granted.

**I.   BACKGROUND**

This action alleges that defendants, doctors and dentists at North Kern State Prison ("NKSP") and Salinas Valley State Prison ("SVSP"), failed to properly treat plaintiff's dental problems. During an assault in county jail, plaintiff suffered two broken bones in his mandible area and had surgery that involved open and closed reductions of the fractures to promote the healing of his jaw. The assault, surgery, and post-operative care are the subject of a separate lawsuit and are not at issue in this action. Complaint at 1.[2] Plaintiff alleges that at NKSP, defendants denied him surgery that was recommended by an outside hospital and failed to

---

[1] Defendants also argued that the claims were barred as plaintiff failed to exhaust his administrative remedies; however, defendants withdrew that portion of the motion in light of *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

[2] Plaintiff is proceeding with those claims in *Hilson v. USC Medical Center*, 09-cv-9402-MWF-JEM, in the Central District of California. In that case, a magistrate judge recently recommended that defendants' motion for summary judgment be denied. Docket No. 240 in *Hilson v. USC Medical Center*, 09-cv-9402-MWF-JEM.

1   properly treat his pain.  He argued that his bones were rubbing together and that he had a severe

2   cross bite.  Plaintiff filed a state habeas action in Kern County Superior Court regarding his

3   medical treatment that was denied.  Plaintiff was later transferred to SVSP where surgery was

4   again recommended by Dr. Wittenberg, an oral surgeon.  But an outside surgeon who also saw

5   plaintiff advised against the surgery.  Plaintiff alleges that the doctors and dentists at SVSP and the

6   outside surgeon failed to adequately treat him.

7           On March 14, 2013, this Court ordered service on eleven defendants.  Defendants Lopez,

8   Godges, Leong, Stark, McQuirter and Fannous were involved with treatment at NKSP.

9   Defendants Scanlon, Wittenberg, Edwards, Knorton and Johnson were involved with treatment at

10  SVSP.  Defendants Lopez, Godges, Leong, and Fannous were served and filed a reply on June 21,

11  2013.  The remaining defendants' summonses were returned as unexecuted in April 2013, and the

12  United States Marshal noted that the prisons associated with these dentists and doctors had no

13  knowledge as to their identities.  Docket Nos. 8-13.  The Office of the Attorney General, who

14  represents the served defendants, noted in the June 21, 2013 reply that they only appeared on

15  behalf of the four served defendants.  The motion to dismiss applies to the four served defendants

16  who treated plaintiff at NKSP.

## II.   LEGAL STANDARD

A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6).  *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).  Under 28 U.S.C. § 1738, federal courts are required to give full faith and credit to state court judgments.  *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 (2005); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009).  To determine the preclusive effect of a state court judgment, federal courts look to state law.  *Heinrichs v. Valley View Development*, 474 F.3d 609, 615 (9th Cir. 2007).  State habeas proceedings can have issue or claim preclusive effect on later § 1983 actions.  *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard); *Gonzalez v. CDC*, 739

2

1   F.3d 1226, 1230-31 (9th Cir. 2014) (extending rule of *Silverton* to cover claim preclusion as well
2   as issue preclusion).

3   In California, "res judicata" describes the preclusive effect of a final judgment on the
4   merits. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97 (2002).[3]  The doctrine of res
5   judicata bars not only those claims/issues actually litigated in a prior proceeding, but also any
6   claims/issues that could have been litigated. *Palomar Mobilehome Park Ass'n v. City of San
7   Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). "California courts employ the 'primary rights' theory
8   to determine what constitutes the same cause of action for claim preclusion purposes."
9   *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004). Under this theory, "a cause of action is
10  (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the
11  defendant, and (3) a harm done by the defendant which consists in a breach of such primary right
12  and duty." *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)
13  (citing *Acuna v. Regents of Univ. of Cal.*, 56 Cal. App. 4th 639 (Cal. Ct. App. 1997)). "[I]f two
14  actions involve the same injury to the plaintiff and the same wrong by the defendant then the same
15  primary right is at stake even if in the second suit the plaintiff pleads different theories of
16  recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v.
17  Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (Cal. Ct. App. 1983), *quoted in San Diego Police
18  Officers' Ass'n v. San Diego City Emp. Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009).

19  Generally, collateral estoppel (issue preclusion) bars relitigation when: (1) the issue is
20  identical to an issue decided in a prior proceeding; (2) the issue was actually litigated in the prior
21  proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision in the
22  prior proceeding is final and on the merits; and (5) the party against whom preclusion is sought
23  was a party to or in privity with a party to the prior proceeding. *Lucido v. Superior Court*, 51 Cal.
24  3d 335, 341 (1990); *Cooper v. Ramos*, 704 F.3d 772, 784 (9th Cir. 2012). The doctrine "is

---

[3] The United States Supreme Court uses the term "res judicata" to refer collectively to claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The California Supreme Court generally uses the term "res judicata" to refer to claim preclusion, and the term "collateral estoppel" to refer to issue preclusion. *Mycogen*, 28 Cal. 4th at 897.

1  grounded on the premise that 'once an issue has been resolved in a prior proceeding, there is no

2  further fact-finding function to be performed.'" *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860,

3  864 (2010) (citation omitted).

### III. DISCUSSION

In 2011, while incarcerated at NKSP, plaintiff filed a state habeas action, *In re Rasheed Hilson*, Case No. HC #012574A, in Kern County Superior Court. Motion to Dismiss ("MTD"), Exs. A, C. In that petition, plaintiff argued that he had been suffering from chronic jaw pain due to an improper prior surgery while in custody. He stated that he needed new reconstructive surgery to stop the joint bones from rubbing together and to be able to open his mouth to eat properly. He stated that surgery had been recommended but not performed. The petition addressed only his treatment at NKSP, and, while plaintiff did not name any specific defendants, the exhibits attached to the petition named the defendants in this case. The superior court ordered an informal response from the State Attorney General (MTD, Ex. D) and from the Receiver for the California Correctional Health Care Services (MTD, Ex. B).[4] The State Attorney General provided a response, and the Receiver provided a detailed evaluation of plaintiff's medical treatment. MTD, Exs. B, D. The superior court considered the evidence and found that plaintiff's medical treatment did not constitute cruel and unusual punishment and that he failed to state a prima facie claim for relief. MTD, Ex. C.[5]

A review of the records indicates that the state court action and this action state the same claims and allegations against the same parties at NKSP. In both cases plaintiff describes his jaw problems and pain and the need for a new surgery that the doctors and dentists at NKSP did not provide. The superior court considered the evidence and denied the petition. The denial was a final judgment on the merits. Res judicata applies to the NKSP defendants as it was the same cause of action in both cases involving the same parties and the same alleged harm. Similarly,

---

[4] The Receiver was appointed for the California Correctional Health Care Services, in part as a result of the litigation in *Plata v. Brown*, No. C01-1351 TEH (N.D. Cal.).

[5] A court may take judicial notice of public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

4

1  collateral estoppel applies to the NKSP defendants as both actions involve the same issues that
2  were actually litigated in the prior case that resulted in a final judgment with the same parties.
3       Plaintiff challenges the superior court judgment because he did not file a response to the
4  defendants' submissions.  But the absence of the response does not mean the superior court's
5  decision is not a final judgment, or that plaintiff was denied a fair hearing.  The record is this case
6  indicates that the superior court properly disposed of plaintiff's NKSP claims on the merits.[6]

## IV.   CONCLUSION

The motion to dismiss (Docket No. 21) is **GRANTED,** and the served defendants Lopez, Godges, Leong, and Fannous are dismissed from this action.  Within **twenty-eight (28) days** of the date this order is filed, plaintiff must provide additional information so the United States Marshal can serve the remaining defendants in this case.  Failure to serve these defendants will result in dismissal pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated:  September 3, 2014

_____
JAMES DONATO
United States District Judge

---

[6] Defendants also argue that Dr. Fannous, the supervising dentist as NKSP, should be dismissed as plaintiff has failed to link him the constitutional deprivation and there is no respondeat superior liability.  Because this defendant is being dismissed for the reasons set forth above, the Court will not address this separate argument.

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RASHEED HILSON,

    Plaintiff,

v.

F. LOPEZ, et al.,

    Defendants.

Case No. 12-cv-06016-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/4/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rasheed Hilson ID: G-37110
Corcoran California State Prison 3A-04-142 Low
P.O. Box 3461
Corcoran, CA 93212

Dated: 9/4/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

6