UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEED HILSON,<br><br>       Plaintiff,<br><br>   v.<br><br>D. SCANLON, et al.,<br><br>       Defendants. | Case No. 12-cv-06016-JD<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 64 |

Plaintiff Rasheed Hilson, a state prisoner proceeding pro se, proceeds with a civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment citing administrative exhaustion. Plaintiff has not opposed the motion or otherwise communicated with the Court. The motion is granted.

## I.    BACKGROUND

This action alleges that defendants, doctors and dentists at North Kern State Prison ("NKSP") and Salinas Valley State Prison ("SVSP") failed to properly treat plaintiff's dental problems. During an assault in county jail, plaintiff suffered two broken bones in his mandible area and had surgery that involved open and closed reductions of the fractures to promote the healing of his jaw. The assault, surgery, and post-operative care are the subject of a separate lawsuit and are not at issue in this action. Complaint at 1.[1] Plaintiff alleges that at NKSP, defendants denied him surgery that was recommended by an outside hospital and failed to properly treat his pain. Plaintiff was later transferred to SVSP where surgery was again

---

[1] Plaintiff is proceeding with those claims in *Hilson v. USC Medical Center*, 09-cv-9402-MWF-JEM, in the Central District of California.

recommended by an oral surgeon. But an outside surgeon who also saw plaintiff advised against the surgery. Plaintiff alleges that the doctors and dentists at SVSP and the outside surgeon failed to provide surgery.

The defendants at NKSP were previously dismissed from this action. Docket No. 48. The Court noted that many defendants had not been served including several at SVSP. *Id*. When plaintiff was unable to provide additional information for service, the Court obtained service information for four defendants at SVSP: Scanlon, Norton, Wittenberg, and Johnson. The remaining defendants were dismissed. Defendants Scanlon, Norton, and Wittenberg were served and filed this motion for summary judgment. The United States Marshal was unable to effectuate service on Johnson.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id*.

An unenumerated 12(b) motion is no longer the proper procedural device to challenge a failure to exhaust administrative remedies. *See Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), *overruling Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The *Albino* court determined a failure to exhaust must be challenged by a motion for summary judgment. *Id*. However, the court noted the shift to be "more a matter of . . . nomenclature than of practical operation." *Albino*, 747 F.3d at 1166.

### B. Administrative Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v.*

2

*Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id*. at 85. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id*. at 85-86 (citing *Booth*, 532 U.S. at 734).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Id*. at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 83-84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id*. at 93. Therefore, the PLRA exhaustion requirement requires proper exhaustion. *Id*. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *See id*. at 87; *see also Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require).

The California Department of Corrections and Rehabilitation ("CDCR") provides that inmates and parolees "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). "Three levels of formal review are provided, and a prisoner exhausts the grievance process when he completes the third level." *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

III. **FACTS**

The following facts are undisputed:

Between October 2008 and the present, Hilson filed approximately seventy health-care related grievances. Motion for Summary Judgment ("MSJ") at 10. Hilson was incarcerated at SVSP from July 11, 2011, to February 22, 2012, and from September 6, 2012, to June 25, 2013.

1   MSJ at 3. Hilson filed this action on November 15, 2012.[2] Complaint at 27. From September
2   2011 to November 2012, Hilson initiated nine health-care related grievances. MSJ at 5. Only four
3   of the grievances concerned oral reconstructive surgery and his dental needs. *Id*. at 5-7.

4         Inmate appeal number SVSP-HC-11045912 was filed on December 7, 2011, and requested
5   reconstructive jaw surgery. This appeal was rejected at the first level of review on December 7,
6   2011, for exceeding the allowable number of appeals and for not being on approved forms. Hilson
7   was informed that he could resubmit the appeal after 14 days and he was provided the correct
8   form. *Id*. at 5. He was also informed that he could challenge the denial at the screening stage. *Id*.
9   at 5-6. Hilson did not resubmit the appeal or challenge the screening decision. *Id*. at 6.

10         More than eight months later, on September 28, 2012, Hilson filed appeal number SVSP-
11   HC-12047582 requesting a dental prosthesis and oral reconstructive surgery. *Id*. at 6. On October
12   23, 2012, the appeal was partially granted in that Hilson's request for a dental prosthesis was
13   granted, but his request for oral reconstructive surgery was denied. *Id*. He did not appeal the
14   denial of surgery to the second or third level. *Id*.

15         On October 2, 2012, Hilson filed appeal number SVSP-HC-12047701 requesting oral
16   reconstructive surgery. *Id*. This appeal was cancelled at the first level of review because it was
17   duplicative of the September appeal (number SVSP-HC-12047582), which was still being
18   processed at that time. *Id*. He was informed that he could pursue the appeal further if the
19   cancellation was inaccurate. He did not pursue the appeal or resubmit it. *Id*.

20         On November 5, 2012, Hilson initiated another appeal, number SVSP-HC-12047866,
21   requesting oral reconstructive surgery. *Id*. at 7. The appeal was cancelled on November 18, 2012,
22   because it was also duplicative of appeal number SVSP-HC-12047582, which had been partially
23   granted and denied at the first level on October 23, 2012. *Id*. He was informed that he could
24   appeal further if the cancellation was inaccurate, but he did not resubmit or further pursue the

---

[2] Only grievances and exhaustion attempts submitted prior to when Hilson filed the federal complaint will be considered. *See Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.")

United States District Court
Northern District of California

1   appeal. *Id*.

## IV.     ANALYSIS

Defendants argue and have provided many exhibits in support to demonstrate that Hilson never fully exhausted any grievance seeking oral reconstructive surgery. Plaintiff has not filed an opposition to challenge these arguments and after reviewing defendants' exhibits and plaintiff's complaint, the evidence is undisputed.

It is undisputed that Hilson never proceeded past the first level of the appeal system with his grievances regarding oral reconstructive surgery. To fully exhaust the grievance at the prison, Hilson was required to appeal the grievance through the third level. *Harvey*, 605 F.3d at 683. Hilson's many duplicative appeals filed at the first level seeking surgery are insufficient to exhaust the claim. When Hilson did file procedurally defective grievances he was informed by prison officials how to remedy the situation, but he never complied. Procedurally defective grievances are insufficient to establish exhaustion. *Woodford*, 548 U.S. at 84. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91.

Hilson's health-care related appeal history reflects that he was familiar with the grievance system and had appealed past the first level on other occasions. MSJ, Villafuerte Decl. Ex. A at 1, 4-8, 16-17, 21, 29. While it appears that Hilson erroneously filed the same grievance requesting oral reconstructive surgery at the first level on multiple occasions, he was aware of the second and third levels of review that were necessary to properly exhaust the grievance. Thus, administrative remedies were available to him.

Even appeal number SVSP-HC-12047582, which was partially granted at the first level, fails to exhaust the claim in this case. The appeal was granted regarding the requested dental prosthesis, however the first level response from the prison was clear that the request for surgery was denied. MSJ, Villafuerte Decl. Ex. E at 2. Hilson still needed to further appeal the denial of surgery to exhaust this claim. For all these reasons, the motion for summary judgment is granted.

**Defendant Johnson**

5

Despite the Court discovering an address for service and providing Hilson additional opportunities to enable service of defendant Johnson, service was returned unexecuted. Docket No. 60.

Yet, summary judgment may be granted by the court sua sponte in favor of a nonappearing party on the basis of facts presented by other defendants who have appeared. *See Columbia Steel Fabricators v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir. 1995) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant); *see also Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion for judgment on the pleadings as to unserved defendants where such defendants were in a position similar to served defendants against whom claim for relief could not be stated); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding district court on its own motion may grant motion to dismiss as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants).

Plaintiff states that at the relevant time defendant Johnson was a doctor of dental services at SVSP. For the same reasons as discussed above, the claim against Johnson regarding the denial of oral reconstructive surgery is unexhausted and summary judgment is granted. In addition, Johnson is also dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m).

## V. CONCLUSION

1. The motion for summary judgment (Docket No. 64) is **GRANTED**.
2. Unserved defendant Johnson is **DISMISSED** for the reasons set forth above.
3. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RASHEED HILSON,

    Plaintiff,

v.

D. SCANLON, et al.,

    Defendants.

Case No. 12-cv-06016-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rasheed Hilson ID: G-37110  
Corcoran California State Prison 3A-04-142 Low  
P.O. Box 3461  
Corcoran, CA 93212

Dated: November 17, 2015

Susan Y. Soong  
Clerk, United States District Court

By: /s/ Lisa R. Clark  
LISA R. CLARK, Deputy Clerk to the  
Honorable JAMES DONATO